ELIZA  MASHBURN
v.
CITY OF BLOOMINGTON.

*Municipal  Corporation—Ordinance—Breach  of—Disturbance  of  the Peace—Salvation Army—Evidence.*

In a prosecution under a municipal ordinance touching conduct likely to frighten horses and embarrass the passage of vehicles, this court declines, in view of the evidence, to interfere with the judgment against the defendant.

[Opinion filed November 23, 1889.]

IN ERROR to the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

Messrs. TIPTON, BEAVER & PEIRCE, for plaintiff in error.

Mr. A. E. DeMANGE, for defendant in error.

*Per Curiam.* This was a prosecution by the city of Bloomington against appellant for a violation of the following ordinance of the city.

Sec. 4, Art. 3, Chap. 29: " Whoever shall, within the streets of said city, engage in any sport, amusement or exercise

likely to scare horses or embarrass the passage of vehicles, or whoever shall raise or fly any kite in any part of said city devoted to business, shall be fined not less than three nor more than twenty-five dollars." Appellant was found guilty and fined $3 and the costs.

The evidence shows that appellant, as a member of the salvation army, took part in a meeting held on the square of the city and by beating a drum and carrying on the other exercises of the meeting caused such a crowd to gather around them as to largely prevent and embarrass the passage of vehicles along the street where they were, and also to frighten passing horses.

Counsel for appellant in their brief urge that this conviction is an invasion of the religious rights and liberties of the society to which she belongs, as well as her own, and the case of Trotter v. Chicago, decided by the Appellate Court of the First District in an opinion filed May 29, 1889, is cited.

We fail to see that any such question is involved, or that the Chicago case has any bearing upon this. In that case the question was as to the power of the city to forbid parades and processions without the permission of the chief of police; while in the present case the whole question is one of fact, whether appellant did, or did not frighten horses and embarrass the passage of vehicles in the public streets of the city. From the evidence, the jury have said she did, and we see no good reason for interfering with their conclusion.

It can not be insisted that any one has a right to do this, or that the city has not the right to prevent it.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*